IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RHONDA LEE LELAND,

        Petitioner,               No. CIV S-07-0881 WBS KJM P

    vs.

TINA HORNBECK, Warden,

        Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254. She challenges a 1996 Shasta County conviction for attempted murder, among other things. The charges arose from an incident in which petitioner and another man attempted to flee in an automobile from police officers. Respondent argues the petition should be dismissed as time-barred.

        Petitioner does not dispute that this action is untimely under 28 U.S.C. § 2244(d)(1). Rather, she asserts the court should excuse her untimeliness under the "actual innocence" exception identified in Schlup v. Delo, 513 U.S. 298 (1995). Opp'n at 3:14-17, 10:15-17.[1] The Schlup exception allows a habeas petitioner to proceed with an otherwise procedurally defaulted habeas petition if he or she can show that, in light of all the evidence

---

[1] Petitioner does intimate that her federal petition was untimely in part due to her state appellate counsel's lack of advisement as to deadlines, and the disbarment of her state habeas counsel. Opp'n at 4:18-22. She does not request application of equitable tolling, however, and does not provide sufficient information to support such a request in any event.

1   including evidence not produced at trial, it is more likely than not that no reasonable juror would
2   have found petitioner guilty beyond a reasonable doubt. Schlup, 513 U.S. at 327.[2]  Petitioner has
3   not made the showing required by Schlup as she fails to point to anything that, if presented to her
4   jury, could reasonably have provided a basis for a finding of not guilty as to any of the charges
5   for which petitioner was convicted. See Opp'n at 5-17 (including arguments that petitioner was
6   only a passenger in the car and at most an "involuntary participant" in events underlying
7   convictions).  Petitioner claims jurors should have been allowed to consider that the man who
8   attempted to flee from police officers with her was involved in a second high-speed chase shortly
9   after the one involving petitioner.  But even if jurors would have been informed of this, it is not
10  reasonable to assume that the outcome of petitioner's trial would have been different.

11              In light of the foregoing, the court will recommend that respondent's motion to
12  dismiss be granted, and this action be dismissed as time-barred.

13              In accordance with the above, IT IS HEREBY RECOMMENDED that:

14              1. Respondent's motion to dismiss (docket #11) be granted; and

15              2. This action be dismissed as time-barred.

16              These findings and recommendations are submitted to the United States District
17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
18  days after being served with these findings and recommendations, any party may file written
19  objections with the court and serve a copy on all parties.  Such a document should be captioned
20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
21  shall be served and filed within ten days after service of the objections.  The parties are advised
22  /////
23  /////
24  /////

---

[2] Neither the United States Supreme Court, nor the Ninth Circuit Court of Appeals, has actually held that the actual innocence exception found in Schlup can save an otherwise time-barred habeas petition. Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002).

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: May 19, 2008.

    _____
    U.S. MAGISTRATE JUDGE

1
lela0881.157